IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41070
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

JAMES LEE POLEDORE,

                                          Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 01-CR-23-ALL
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     James Lee Poledore appeals his sentence following his
guilty-plea conviction of possession of a firearm during and in
relation to drug-trafficking offense, in violation of 18 U.S.C.
§ 924(c), and possession of marijuana with intent to distribute,
in violation of 21 U.S.C. § 841(a).  Citing U.S.S.G. § 5H1.4,
p.s., Poledore contends that the district court erred in denying

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his motion for a downward departure, based on his allegedly severe medical conditions.

"This court can review a district court's refusal to depart [downward] from the guidelines 'only if the district court based its decision upon an erroneous belief that it lacked the authority to depart.'" United States v. Valencia-Gonzales, 172 F.3d 344, 346 (5th Cir. 1999) (citation omitted). This court lacks jurisdiction if the district court's refusal to depart downward is based on its determination that departure is not warranted on the facts of the case. United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997).

The transcript of Poledore's sentencing hearing reflects that the district court was well aware that it had the legal authority to depart and that the court refused to depart on the basis of the facts before it. Accordingly, this court is without jurisdiction over the appeal, and the appeal is DISMISSED.